Anderson, J.,
delivered the opinion of the court.
The court is of opinion, that the whole matter of fact and law in this case having been submitted to the court, neither party requiring a jury, and the judgment of the court being upon the evidence which is certified in the bill of exceptions as all the evidence in the cause, the bill of exceptions must be regarded as a demurrer to the evidence, by the plaintiff in error. Hodge’s ex’or v. First Nat. Bank, Richmond, 22 Gratt. 51; Dobson v. Cul *586 pepper, 23 Gratt. 352. And the plaintiff in error, the exceptor, must be taken to have admitted, as in case of a demurrer to evidence, all that could be reasonably inferred by a jury from the evidence given by the plaintiff below, and to have waived all the evidence on'his part which conflicts with it, or which tends to establish a case inconsistent with the case proved by it. Tutt v. Slaughter's adm'r, 5 Gratt. 364.
And the court being further of opinion, that the evidence of the plaintiff below, taken by itself and unimpeached and unaffected by contradictory evidence, or taken in connection with so much of the defendant’s evidence as is not in conflict with it, to-wit: that the principal obligor in the bond resided at Victoria, Texas; that the bond is dated there; that the drafts, which are the consideration of the bond, were received there, and that the money borrowed was used there in paying for land which he and his brother had purchased there, justified the court in the inference that the contract was made at Victoria, Texas, (Wilson v. Lazier & als., 11 Gratt. 481), and was-to be performed there, and was consequently controlled and governed by the laws of Texas, which allowed a rate of interest, by contract of parties, not exceeding 12 per centum per annum. Arrington v. Gee, 5 Ired. Law R. p. 593.
Undoubtedly the bond was executed by Thomas L. Taylor, the principal debtor, at Victoria, Texas, and it is obligatory on him to pay the stipulated interest, which did not exceed the rate of interest allowed by the law of Texas. The other obligors resided in Virginia. It is conceded that they executed the bond as sureties of Thomas L. Taylor, and it is impossible to suppose that they could have 'contemplated the payment being made here by them, and not at Victoria, Texas, by the principal. Li the nature of things they expected only to be *587 secondarily liable, and they are liable for what the principal had bound himself. Ruffin, C. J., in case cited, supra.
The court is of opinion, therfore, without deciding other interesting questions which were raised in the argument by the learned counsel, that the plaintiff in error, upon whom the onus rested to establish her plea of usury by conclusive testimony, has wholly failed to establish it, and that there is no error in the judgment of the circuit court, and that the same be affirmed with costs.
Judgment arrirmed.